UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PRESTON LEWIS,**

    **Plaintiff,**

v.                                        Case No. 3:24cv457-TKW-HTC

**PENSACOLA POLICE
DEPARTMENT, et al.,**

    **Defendants.**
_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objections (Doc. 12).[1] The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to comply with a court order.

None of the arguments in the objections have merit. Only three warrant discussion: (1) that the case should not be dismissed based on Plaintiff's failure to use the court-approved complaint form; (2) that the magistrate judge should be

---

[1] Plaintiff also filed a motion for judicial notice (Doc. 11), but the statutes listed in the motion have no apparent relevance to the claims in this case or the Court's review of the Report and Recommendation. Thus, the motion for judicial notice will be denied.

removed from this case because of bias;[2] and (3) that Plaintiff did not consent to the magistrate judge's involvement in the case.

With respect to the first argument, Plaintiff contends that this case should not be dismissed based on his failure to use the court-approved complaint form as required by the magistrate judge and Local Rule 5.7(A) because (1) that requirement violates his First Amendment right to petition the government for redress of grievances and (2) he "suffers from nerve damage" and "cannot hand write on documents provided by the court due to this damage." The Court finds no merit in the First Amendment argument, and putting aside the fact that Plaintiff proffers no evidence of his alleged nerve damage, the second argument is refuted by the fact that Plaintiff filled out other court-approved forms by hand. *See* Doc. 2 (motion to proceed in forma pauperis and affidavit). Moreover, even if dismissal was not warranted based on Plaintiff's failure to use the court-approved complaint form, dismissal would still be warranted based on Plaintiff's noncompliance with the magistrate judge's other directives. *See* Doc. 9 at 3-6.

---

[2] Separately, Plaintiff filed a motion for recusal (Doc. 10) asking the Court to recuse Magistrate Judge Cannon and "designate another judge to preside over this case" because of her alleged bias against Plaintiff in her rulings in this case and a prior case. The Court does not have the authority to rule on that motion because a motion to recuse can only be ruled on by the judge that it seeks to recuse. However, because the motion was filed within 14 days of Judge Cannon's order denying recusal (Doc. 8), it will be treated as an objection under Fed. R. Civ. P. 72(a). A magistrate judge's order can only be modified or set aside under that rule only if the order is "clearly erroneous" or "contrary to law," and Judge Cannon's order is neither of those things because, as stated below, it is well-established that claims of judicial bias cannot be based solely on prior rulings.

With respect to the second argument, Plaintiff contends that the magistrate judge is biased because (1) she was acting as Defendants' lawyer and (2) she ruled against Plaintiff in a prior case. The first argument is presumably based on the fact that the magistrate judge sua sponte identified deficiencies in Plaintiff's filings, but that screening is statutorily required by 28 U.S.C. §1915(e)(2) because Plaintiff is proceeding in forma pauperis. *See Holliday v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 4127617, at *1 n.1 (11th Cir. Sept. 12, 2022) ("Section 1915(e)(2)'s screening procedures apply to IFP proceedings brought by prisoners and non-prisoners alike."). The second argument is meritless because it is well-established that claims of judicial bias cannot be based solely on prior rulings. *See Liteky v. United States*, 510 U.S. 540, 550-56 (1994); *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

With respect to the third argument, Plaintiff's consent was not required for this case to be referred to the magistrate judge for issuance of a report and recommendation. *See* N.D. Fla. Loc. R. 72.2(E) (explaining that pro se cases filed by non-prisoners will be referred to the magistrate judge "for all proceedings, including ... filing of a report and recommendation containing proposed findings of fact and conclusions of law and recommending disposition of the case"). Indeed, it is well-established that the parties' consent is not required to refer a case to a magistrate judge under 28 U.S.C. §636(b)(1)(B) for the issuance of a report and

recommendation. *See, e.g.*, *Wright v. Sprayberry*, 817 F. App'x 725, 729 (11th Cir. 2020); *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 846 (11th Cir. 2018).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to recuse (Doc. 10) is treated as an objection under Fed. R. Civ. P. 72(a) and is **DENIED**.

3. Plaintiff's motion for judicial notice (Doc. 11) is **DENIED**.

4. This case is **DISMISSED without prejudice** based on Plaintiff's failure to comply with a court order.

5. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 25th day of November, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**